No. 10,752.

## FIRE ASSOCIATION OF PHILADELPHIA v. BANCROFT.

Decided February 2, 1925.

Action on fire insurance policy.   Judgment for plaintiff.

*Reversed.*

1. APPEAL AND ERROR—*Abstract*—*Assumption.*   The reviewing court will assume that the abstract of record is correct.

2. INSURANCE—*Fire*—*Trust Deed Foreclosure*—*Ownership.*   Under a fire insurance policy containing a mortgage and ownership clause, failure of the insured to notify the insurer at the time of the application for the policy, that the premises had been sold under a trust deed and title acquired by some person other than the insured, rendered the policy void.

3. PLEADING—*Amendment*—*Abuse of Discretion.*   In the case under consideration, it is held that the refusal of the trial court to permit an amendment to the answer, that plaintiff was not the real party in interest, was an abuse of discretion and reversible error.

*Error to the District Court of Moffat County, Hon. Charles E. Herrick, Judge.*

Mr. W. E. CLARK, for plaintiff in error.

No appearance for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant in error Bancroft recovered judgment on a fire insurance policy issued to him by the Fire Association of Philadelphia, plaintiff in error, for the amount of the loss alleged to have been sustained by the burning of his house.   The policy was issued on March 10, and the loss occurred two days later.   It seems from the record that the agent of the insured acted, if not in the issuance of the

policy, certainly after the loss occurred, as agent of both parties without the knowledge of the insurer. Among other provisions of the policy is this clause: "If the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; * * * or if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed;" the entire policy, unless otherwise provided by agreement endorsed on it, shall be void. In another clause it is provided that if a fire occurs "the insured shall give immediate notice of any loss thereby in writing to this company; * * * and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon, and all incumbrances thereon." In connection with the second clause there is no recital or language, as there is in the first clause, that a failure in such respect invalidates the policy and releases the insurer from liability.

The insured himself did not give notice to the company of the loss. It seems, however, that the agent of the company, who, as already stated, after the fire assumed to act as agent for both parties, either himself or through some other person imparted notice of loss to the insurer. The adjuster of the insurer later appeared upon the premises and after an investigation and inquiry, denied liability and so reported to his principal. This release from liability was based upon these grounds: (1) Failure to furnish the written statement as to the origin of the fire with the other facts in connection therewith, which is made imperative by the terms of the policy. (2) That at the time of the issuance of the policy the premises, without knowl-

edge thereof being communicated to the insurer, were encumbered by the immediate grantor of the insured, he having given a trust deed upon the same, and for default in payment of the debt so secured the trustee had caused the trust deed to be foreclosed and the property to be sold before application for the policy was made.

We shall not pass upon the first ground. In doing so we must not be understood as intimating either that it is, or is not, meritorious.

The second ground is conclusive that the obligation of the policy terminated and the insurer was released from all liability thereunder. As there is no appearance here for the plaintiff, we have examined carefully the abstract of the record and, assuming as we must that it is correct, it clearly appears, indeed, it is admitted, that before the insured made application for the policy, the premises were encumbered by a trust deed which had been foreclosed by a sale by the trustee and title acquired by some person other than the insured. By the express terms of the policy this rendered the entire policy void. The testimony of the insured himself shows that he knew of the existence of this encumbrance before he made the application, having read the published notice of sale. Indeed, he was charged by the record itself with notice at the time he bought the property. He did not, as it was his duty to do, divulge this to the insurer either at the time he applied for the policy or at any other time, and the insurer did not acquire knowledge till after the fire.

At the close of the evidence the defendant moved for a directed verdict which the court should have granted upon the uncontradicted evidence that there was an encumbrance upon the property at the time of the application, which had been foreclosed and the title vested elsewhere.

An additional reason for reversal is that there was an abuse of discretion in refusing an amendment of the answer asked by the defendant to the effect that the plaintiff was not the real party in interest but, as matter of fact, had conveyed the property after the fire and assigned the

insurance policy and his rights thereunder to his grantee, before he began this action.

The judgment is, therefore, reversed and the cause remanded with instructions to the district court to dismiss the action.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.